IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BHARATKUMAR G. THAKKER, | : | |
| | : | 1:19-cv-0664 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| WARDEN CRAIG A. LOWE, | : | |
| Respondent. | : | |

## MEMORANDUM

**February 18, 2020**

Petitioner Bharatkumar G. Thakker ("Thakker"), a detainee of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), presently confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging the constitutionality of his continued detention pending removal from the United States and seeking an individualized bond hearing.

The petition is ripe for disposition. For the reasons set forth below, the petition will be granted to the extent that the Court will direct that Thakker be provided a bond hearing.

## I. BACKGROUND

On March 13, 1973, Thakker, a native and citizen of India, was admitted to the United States at New York, New York, as a Lawful Permanent Resident. (Doc. 5-1, p. 3). He was initially placed in removal proceedings on February 5, 2009, due to multiple retail theft convictions. (*Id.* at 5). The Immigration Judge ("IJ") granted Cancellation of Removal on August 19, 2009. (*Id.*). Following his September 27, 2011 conviction for Possession of an Instrument of Crime, he was again placed in removal proceedings on April 5, 2012. (*Id.*). On December 19, 2012, the IJ granted Re-Adjustment of Status. (*Id.*). On May 6, 2014, he was convicted of retail theft in Northampton County, Pennsylvania and, although he was again subject to removal, it does not appear from the record that ICE took any action.

On June 7, 2017, Thakker was arrested for retail theft in Monroe County, Pennsylvania. (*Id.* at 6; *Id.* at 8-19, Court of Common Pleas of Monroe County Criminal Docket Number CP-45-CR-0002437-2017). On August 4, 2017, as a result of the most recent criminal charges, ICE issued a Notice to Appear charging him as removable pursuant to Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), as amended "in that, at any time after admission, [he has] been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." ICE apprehended him on September 11, 2017, in

Stroudsburg, Pennsylvania. (*Id.* at 20). The IJ continued Thakker's initial removal hearing on two occasions to allow him to secure counsel. However, prior to his scheduled hearing, he was released from ICE custody to the custody of the Monroe County Sheriff's Department to answer the theft charges. (*Id.* at 24). The removal proceedings were administratively closed.

On January 12, 2018, he pled guilty to possessing an instrument of crime; the retail theft and attendant charges were *nolle prossed*. (*Id.* at 10). On February 7, 2018, he was sentenced to three to twelve months' confinement.

Upon completion of service of his state sentence, Thakker returned to ICE custody. On March 26, 2018, the removal proceedings were reopened, and a new hearing was scheduled for April 15, 2018. (*Id.* at 25, 26). At the initial hearing, counsel requested additional time to obtain DHS's evidence. The IJ granted the request and continued the case until May 21, 2018. On May 21, 2018, counsel sought additional time to prepare, file and allow for adjudication of his I-130 Application for Adjustment of Status. The IJ continued the matter to June 25, 2018. At that time, Thakker's counsel again sought a continuance and indicated his intention to file a motion to terminate proceedings. Counsel filed a motion to terminate proceedings on July 5, 2018. (*Id.* at 27-34). On August 20, 2018, the IJ denied the motion to terminate and found Thakker removable. Thakker requested more time to seek adjustment of status. The IJ continued the matter to October 1,

2018, at which time Thakker filed applications for adjustment of status.  The IJ set the matter for a merits hearing on January 16, 2019.  The IJ held the hearing on January 16, 2019, to address Thakker's claims for adjustment of status and his removability.  (*Id.* at 38).  On February 13, 2019, the IJ issued a decision denying the application for adjustment of status and ordered him removed to India. (*Id.* at 36- 49). Thakker timely appealed the decision to the Board of Immigration Appeals ("BIA").  (*Id.* at 50-56).  On May 1, 2019, the BIA granted Thakker's request for an extension of the briefing schedule.  On July 23, 2019, the BIA dismissed the appeal.  *See* electronic docket, https://www.pacer.gov, *Thakker v. Att'y Gen.,* No. 19-2780 (3d Cir. 2019), Doc. 003113307687.

On July 31, 2019, Thakker filed a petition for review in the United States Court of Appeals for the Third Circuit. *See* electronic docket, https://www.pacer.gov, *Thakker v. Att'y Gen.,* No. 19-2780 (3d Cir. 2019).  In his brief, Thakker seeks review of whether "[t]he Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) erred in denying the Petitioner's §212(h) waiver under the Immigration and Nationality Act (INA) by failing to properly follow *In re Mendez-Moralez*, 21 I. & N. Dec. 296 (BIA 1996)." *Id.* at Document 00311341705, p. 3.  Respondent filed his brief on January 29, 2020, arguing as follows:

> [A]lthough this Court has jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a), it lacks jurisdiction to review the

> discretionary denial of a waiver of inadmissibility under INA § 212(h), see 8 U.S.C. § 1252(a)(2)(B)(i); *Alli v. Att'y Gen.*, 598 F. App'x 833, 835-836 (3d Cir. 2015), except to the extent that Petitioner raises a colorable constitutional claim or question of law, see § 1252(a)(2)(D); *Pareja v. Att'y Gen.*, 615 F.3d 180, 186-87 (3d Cir. 2010), which he has not. In addition, in cases involving certain categories of criminal aliens, including aliens who, like Petitioner, are removable because he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), Congress has instructed that "no court shall have jurisdiction to review any final order of removal." 8 U.S.C. § 1252(a)(2)(C).

*Id.* at Doc. 27. The petition for review remains pending. There is no indication that the United States Court of Appeals has issued a stay of removal.

Thakker filed the instant petition on April 18, 2019. (Doc. 1). At present, he has been detained for approximately twenty-three months.

## II. **DISCUSSION**

Thakker is detained pursuant to 8 U.S.C. § 1226 which requires the Attorney General to detain any noncitizen who is inadmissible or deportable on criminal grounds. 8 U.S.C. § 1226. The custody provision relevant here provides that "[t]he Attorney General shall take into custody any alien who-- (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). The provision governing release states: "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to

5

a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled hearing." 8 U.S.C. § 1226(c)(2).

In the United States Supreme Court case of *Jennings v. Rodriguez*, — U.S. —, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the United States Court of Appeals for the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. *Jennings*, 138 S.Ct. at 842. *Jennings* held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute. *Jennings*, 138 S.Ct. at 847. Specifically, "§ 1226(c) is not 'silent' as to the length of detention. It mandates detention 'pending a decision on whether the alien is to be removed from the United States' ... and it expressly prohibits release from that detention except for narrow, witness-protection purposes.... Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in *Zadvydas* by

pointing out that detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point'—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under § 1226(c)." *Jennings*, 138 S.Ct. at 846. Consequently, he is not entitled to a bond hearing pending the completion of removal proceedings.

However, "*Jennings* did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). It remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015); *see also Diop*, 656 F.3d at 232, 234. "[D]ue process requires us to recognize that, at a certain point— which may differ case by case—the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous. At this tipping point, the Government can no longer defend the detention against claims that it is arbitrary or capricious by presuming flight and dangerousness: more is needed to justify the

7

detention as necessary to achieve the goals of the statute. As we said in *Diop*, section 1226(c) 'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.' *Id.* at 231." *Chavez-Alvarez*, 783 F.3d at 474-75. The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

Based on this constitutional framework, following *Jennings*, district courts in this circuit have largely found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *Dryden*, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen months not unconstitutional given regular progression of proceedings); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150,

8

at *5 (D.N.J. July 20, 2018) (detention for just over thirteen months not unconstitutional). Significantly longer periods of detention, however, in the absence of bad faith, have been found to be so prolonged as to be an arbitrary, and thus unconstitutional, application of § 1226(c) absent a bond hearing. *See, e.g., Chikerema v. Lowe,* No. 1:18-cv-1031, 2019 WL 3891086, (M.D.Pa. Aug. 19, 2019 (concluding detention for more than twenty months warranted an individualized bond hearing absent bad faith, *inter alia*): *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (determining detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *Vega v. Doll*, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (finding detention for twenty-one months has become so prolonged that it has become arbitrary and unreasonable in this particular case such that petitioner is entitled to an individualized bond hearing); *Destine v. Doll*, No. 3:17-CV-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (same).

Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges

to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. *See K.A. v. Green*, 2018 WL 3742631, at * 4.

Having undertaken the fact sensitive inquiry as delineated in *Diop* and *Chavez-Alvarez*, and it appearing that Thakker has not engaged in bad faith in the underlying immigration proceedings, but, rather, has vigorously challenged his removal, the Court finds that Thakker's twenty-three-month detention has become unreasonably prolonged such that due process requires that he be afforded an individualized bond hearing before an immigration judge. The bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the Government in § 1226(c) cases).

### III. CONCLUSION

For the above stated reasons, the Court will grant the petition pursuant to 28 U.S.C. § 2241 and direct that Thakker receive an individualized bond hearing before an immigration judge.

An appropriate Order will enter.